1    THOMAS R. BURKE (State Bar No. 141930)
     DAVIS WRIGHT TREMAINE LLP
2    505 Montgomery Street, Suite 800
     San Francisco, California 94111
3    Telephone:  (415) 276-6500
     Facsimile:   (415) 276-6599
4    Email: thomasburke@dwt.com

5    Attorneys for Plaintiffs
     NATIONAL PUBLIC RADIO, INC. and TOM DREISBACH
6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   NATIONAL PUBLIC RADIO, INC. and        Case No. 2:20-cv-08307
     TOM DREISBACH,
                                            **COMPLAINT FOR**
12                                          **DECLARATORY AND**
                    Plaintiffs,             **INJUNCTIVE RELIEF FOR**
13                                          **VIOLATION OF THE FREEDOM**
            v.                              **OF INFORMATION ACT, 5 U.S.C.**
14                                          **§ 552 et seq.**
     U.S. INTERNATIONAL
15   DEVELOPMENT FINANCE
     CORPORATION,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:20-cv-08307

Plaintiffs National Public Radio, Inc. and Tom Dreisbach (collectively, "NPR" or "Plaintiffs"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1. NPR brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., as amended ("FOIA"), challenging the constructive denial of the FOIA request NPR sent to the U.S. International Development Finance Corporation ("DFC") on July 31, 2020, regarding the $765 million loan (the "FOIA Request'). The DFC has failed to satisfy its obligations under FOIA as it continues to withhold records in its possession that are responsive to NPR's Request. In so doing, DFC deprives the public of vital information about the circumstances surrounding this announced $765 million loan of U.S. taxpayer money that is now the subject of SEC and other investigations.

2. On May 14, 2020, President Donald J. Trump signed an Executive Order, delegating authority to the Chief Executive Officer of the DFC to make loans to private institutions to support the government's "national response and recovery to the COVID-19 outbreak" and "the resiliency of any relevant domestic supply chains." https://www.whitehouse.gov/presidential-actions/eo-delegating-authority-dpa-ceo-u-s-international-development-finance-corporation-respond-covid-19-outbreak/. On July 28, 2020, "[a]t the direction of President Donald J. Trump," the DFC announced the signing of a letter of interest to provide a $765 million loan to the Eastman Kodak Company ("Kodak"), "to support the launch of Kodak Pharmaceuticals, a new arm of the company that will produce critical pharmaceutical components." https://www.dfc.gov/media/press-releases/dfc-sign-letter-interest-investment-kodaks-expansion-pharmaceuticals. The $765 million loan was the first DFC loan announced by the Trump Administration. On August 3, 2020, in a letter to Chairman Joseph Clayton of the U.S. Securities and Exchange Commission, Senator Elizabeth Warren asked the SEC to "investigate potential incidents of insider trading" before the DFC's announcement of the federal loan to

DAVIS WRIGHT TREMAINE LLP

Kodak "to support the production of generic drug ingredients in response to the coronavirus disease (COVID-19) pandemic."

https://www.warren.senate.gov/imo/media/doc/2020.08.03%20Letter%20to%20SEC%20re%20Kodak%20stock%20trades.pdf.  The following day, the *Wall Street Journal* reported that the SEC was investigating the "circumstances around" Kodak's announcement of the $765 million loan.

https://www.wsj.com/articles/kodak-loan-disclosure-and-stock-surge-under-sec-investigation-11596559126.  On August 7, 2020, at 2:49 p.m., the DFC released a statement on Twitter about the $765 million loan to Kodak.  "Recent allegations of wrongdoing raise serious concerns. We will not proceed any further unless these allegations are cleared."  https://twitter.com/DFCgov/status/1291853877168558086.

3.    The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  NPR plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

4.    Through its July 31, 2020 FOIA Request – submitted before Senator Warren called for the SEC to investigate – NPR seeks to fulfill its journalistic function and to shine a public light on information about the DFC loan that the DFC announced for Kodak, including correspondence exchanged between DFC's Chief Financial Officers Adam Boehler and representatives of Kodak, as well as

DAVIS WRIGHT TREMAINE LLP

2

communications exchanged between Mr. Bohler and Peter Navarro, Assistant to the President and Director of the Office of Trade and Manufacturing Policy and with Jared Kushner, Assistant to the President and Senior Advisor to the President.

## PARTIES

5.     Plaintiff National Public Radio, Inc. is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public.  NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term.  NPR reaches approximately 60 million people each week on broadcast radio, podcasts, NPR apps, NPR.org, and YouTube video content.  NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

6.     Plaintiff Tom Dreisbach is a resident and citizen of the state of California and a journalist who works as a Correspondent out of NPR West, NPR's Culver City, California studio.

7.      Defendant U.S. International Development Finance Corporation is an "agency" within the meaning of 5 U.S.C. § 552(f).  Plaintiffs are informed and believe that the DFC has possession and control of the records sought by NPR's FOIA Request.

## JURISDICTION

8.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

9.     Defendant DFC has failed to meet the statutory deadline set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Therefore, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C).

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:20-cv-08307

**VENUE**

10.     Venue in the Central District of California is proper under 5 U.S.C. § 552(a)(4)(B) as Mr. Dreisbach's work for NPR and his FOIA Request to the DFC occurred in Los Angeles County.  For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

**FACTS**

11.     Through the FOIA Request addressed to the DFC on July 31, 2020, Mr. Dreisbach, on behalf of NPR, requested electronic copies, to be delivered by email, of the following records:

    a.   All communications – including, but not limited to, written letters, memoranda, emails, voicemails, and text messages – between DFC Chief Executive Officer Adam Boehler and any individual or representative of the Eastman Kodak Company ("Kodak") from June 1, 2020 to July 31, 2020.

    b.   All communications – including, but not limited to, written letters, memoranda, emails, voicemails, and text messages – regarding Kodak between DFC Chief Executive Officer Adam Boehler and Peter Navarro, Assistant to the President and Director of the Office of Trade and Manufacturing Policy from June 1, 2020 to July 31, 2020.

    c.   All communications – including, but not limited to, written letters, memoranda, emails, voicemails, and text messages – regarding Kodak between DFC Chief Executive Officer Adam Boehler and Jared Kushner, Assistant to the President and Senior Advisor to the President, from June 1, 2020 to July 31, 2020.

12.     Mr. Dreisbach also requested expedited processing for this request and a waiver for all applicable fees.  Attached as **Exhibit A** is a true and correct copy of the FOIA Request.

DAVIS WRIGHT TREMAINE LLP

4

13.     On August 10, 2020, the DFC acknowledged receipt of the FOIA Request and assigned it FOIA No. 220-068.  In its response, the DFC classified the FOIA request as a "news media use request."  It also granted NPR's request for expedited processing, noting that the request "will be placed in the expedited processing queue and processed 'as soon as practicable.'"  Attached as **Exhibit B** is a true and correct of this acknowledgment of receipt.

14.     On September 8, 2020, Mr. Dreisbach contacted the DFC about the status of his FOIA request and was informed that the requests "continues to be processed in the expedited queue, which is currently the tenth in line for that queue.  For reference, there are currently seventeen simple queued requests which are processed alongside the expedited requests.  There are also 23 currently pending complex queued requests.  To the extent we are able to provide partial responses as records are continually processed, we will do so."  On September 9, 2020,  counsel for NPR asked the DFC to provide clarity as to when the DFC intended to respond to NPR's request since NPR's place in the queue had not changed during the past month.  Counsel for the DFC responded that the agency "roughly expects to produce responsive records to this FOIA request within the next 50 days."  However, counsel also disclosed that "the FOIA Office is also processing several simple FOIA requests for the Letter of Interest and for Kodak's application related to this potential project.  As noted in the agency's Acknowledgment Letter, simple requests are processed alongside expedited requests.  For past perspective regarding agency FOIA response time, in fiscal year 2018 DFC's predecessor, OPIC processed simple requests in an average of 22 business days and complex requests in an average of 156 business days."

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

15.     Plaintiffs reallege and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

DAVIS WRIGHT TREMAINE LLP

16.     NPR's FOIA Request seeks "agency" records within Defendant DFC's possession and control.

17.     Defendant DFC has failed to produce any responsive records to NPR's FOIA Request.  Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their FOIA request, and there exists no legal basis for Defendant's failure to timely respond to NPR's FOIA Request and to make responsive records available.

18.     Defendant DFC's failure to make promptly available the records sought by NPR's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

19.     NPR is entitled to declaratory relief finding that the DFC has violated FOIA and that NPR is immediately entitled to receive all records responsive to its request.

20.     NPR is further entitled to injunctive relief, ordering the DFC to immediately produce copies of all records responsive to NPR's FOIA Request without further delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court award them the following relief:

A.     Declare that Defendant DFC violated FOIA in its response to NPR's FOIA Request;

B.     Order Defendant DFC to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting the DFC from continuing to withhold the requested records;

C.     Order Defendant DFC to immediately disclose any responsive records in its possession or control to Plaintiffs;

D.     Award Plaintiffs their reasonable attorney's fees and costs;

E.     Grant such further relief as the Court may deem just and proper.

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:20-cv-08307

Dated:  September 10, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ *Thomas R. Burke*
       THOMAS R. BURKE

Attorneys for Plaintiffs
NATIONAL PUBLIC RADIO, INC. and
TOM DREISBACH

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:20-cv-08307